IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

PAMELA ANTHONY,                          )
                                         )
                    Plaintiff,           )
                                         )
vs.                                      )      Case No. 14-0089-CV-W-ODS
                                         )
CAROLYN W. COLVIN,                       )
Acting Commissioner of Social Security,  )
                                         )
                    Defendant.           )

## ORDER AND OPINION AFFIRMING
## COMMISSIONER'S FINAL DECISION DENYING BENEFITS

Pending is Plaintiff's appeal of the Commissioner of Social Security's final decision denying her application for benefits under Title II.  The Commissioner's decision is affirmed.

"[R]eview of the Secretary's decision [is limited] to a determination whether the decision is supported by substantial evidence on the record as a whole.  Substantial evidence is evidence which reasonable minds would accept as adequate to support the Secretary's conclusion.  [The Court] will not reverse a decision simply because some evidence may support the opposite conclusion."  Mitchell v. Shalala, 25 F.3d 712, 714 (8th Cir. 1994) (citations omitted).  Though advantageous to the Commissioner, this standard also requires that the Court consider evidence that fairly detracts from the final decision.  Forsythe v. Sullivan, 926 F.2d 774, 775 (8th Cir. 1991) (citing Hutsell v. Sullivan, 892 F.2d 747, 749 (8th Cir. 1989)).  Substantial evidence means "more than a mere scintilla" of evidence; rather, it is relevant evidence that a reasonable mind might accept as adequate to support a conclusion.  Gragg v. Astrue, 615 F.3d 932, 938 (8th Cir. 2010).

Plaintiff initially alleged a disability onset date of May 15, 2007, but at the hearing she amended the onset date to October 30, 2010.  The ALJ found – and Plaintiff does not challenge – that Plaintiff engaged in substantial gainful activity between July 1, 2011 and September 30, 2011.  At Step 2 of the five step sequential process, the ALJ found

Plaintiff suffered from degenerative disc disease, obesity, COPD, degenerative joint disease in her left knee and left shoulder, and decreased vision due to a prosthetic right eye. Plaintiff contends the ALJ erred in failing to also find she suffered from major depressive disorder, PTSD, and anxiety disorder. Plaintiff is not entitled to relief because even if she is correct and these conditions should have been deemed severe, any such error was harmless. The ALJ considered any potential limitations imposed by these disorders at Step 4 when he ascertained Plaintiff's residual functional capacity ("RFC"). R. at 24-25 (discussion of Plaintiff's alleged functional limitations due to depression, PTSD and anxiety); see also 20 C.F.R. § 404.1545 (In formulating RFC, ALJ "will consider all of your medically determinable impairments . . . . including your medically determinable impairments that are not 'severe,' . . . ."). The ALJ's discussion and resolution of a claimant's alleged limitations in connection with the RFC determination at Step 4 renders any failure to label the condition "severe" at Step 2 moot, and any error in that regard is harmless. E.g., Maziarz v. Secretary of Health & Human Services, 837 F.2d 240, 244 (6th Cir. 1987); Lorence v. Astrue, 691 F. Supp. 2d 1008, 1028 (D. Minn. 2010). These cases – and countless unpublished decisions from district courts around this circuit alone – demonstrate the point. Even if the ALJ had deemed these conditions "severe," the RFC analysis would have been exactly the same.

In seeming anticipation of this conclusion, Plaintiff also contends the ALJ erred by failing to consider the limitations imposed by her depression, anxiety and PTSD. This is incorrect. The ALJ acknowledged Plaintiff's testimony that "she has difficulty leaving the house and experiences four to five bad days per week when she sits and reads a book all day long." He found this testimony not credible for a variety of reasons, including the fact that one month before her alleged onset date Plaintiff "reported she was doing much better with her anxiety on Zoloft" and in August 2011 she stopped taking medication because, in her assessment, "she was doing better because she was working and interacting with others." R. at 24-25. This statement to her doctor directly contradicts her testimony. Plaintiff did not undergo any mental status examinations after her amended onset date. Elsewhere, the ALJ noted Plaintiff was not limited in her ability to care for herself on a daily basis, care for her grandson, tend to normal

2

household chores.  He also noted Plaintiff went shopping regularly and had "no problem getting along with friends, family, neighbors, or authority figures" and "interacted appropriately with unfamiliar people . . . ."  R. at 22-23.  Plaintiff points to additional evidence that might support more serious limitations (notably, reports from Plaintiff's daughter), but as discussed more fully below the ALJ was not compelled to accept Plaintiff's version of the facts.  For present purposes, it is enough for the Court to conclude no error occurred because the ALJ considered the potentially limiting effects of Plaintiff's depression, anxiety and PTSD at Step 4.

Plaintiff also contends the ALJ's credibility evaluation was improper.  The familiar standard for analyzing a claimant's subjective complaints of pain is set forth in Polaski v. Heckler, 739 F.2d 1320 (8th Cir. 1984) (subsequent history omitted):

> While the claimant has the burden of proving that the disability results from a medically determinable physical or mental impairment, direct medical evidence of the cause and effect relationship between the impairment and the degree of claimant's subjective complaints need not be produced.  The adjudicator may not disregard a claimant's subjective complaints solely because the objective medical evidence does not fully support them.
>
> The absence of an objective medical basis which supports the degree of severity of subjective complaints alleged is just one factor to be considered in evaluating the credibility of the testimony and complaints.  The adjudicator must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as:
>
>> 1.  The claimant's daily activities;
>> 2. the duration, frequency and intensity of the pain
>> 3. precipitating and aggravating factors;
>> 4. dosage, effectiveness and side effects of medication;
>> 5. functional restrictions.
>
> The adjudicator is not free to accept or reject the claimant's subjective complaints solely on the basis of personal observations.  Subjective complaints may be discounted if there are inconsistencies in the evidence as a whole.

739 F.2d at 1322.

The ALJ's rationale with respect to Plaintiff's mental issues has already been set forth. In addition, the ALJ discussed Plaintiff's activities, the conservative nature of her treatment, her failure to attend physical therapy or keep other appointments, documents reflecting improvement in her condition when she complies with treatment, and the available medical evidence. R. at 26-28. All of the facts discussed by the ALJ support the ALJ's credibility determination, and Plaintiff does not really dispute this point. Instead, Plaintiff contends the ALJ should have weighed the facts differently by attaching more weight to some things and less weight to others. The Court cannot substitute its judgment of the facts for the ALJ's. E.g., Baldwin v. Barnhart, 349 F.3d 549, 555 (8th Cir. 2003). All the Court can do is confirm that the law permits consideration of the factors relied upon, and there is no serious argument to the contrary presented.

The Commissioner's final decision is affirmed.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
DATE: November 13, 2014                    UNITED STATES DISTRICT COURT

4